UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN J. BLACKSTOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　Defendant. | CASE NO. 2:16-cv-00678-JLR-KLS<br><br>REPORT AND RECOMMENDATION REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS<br><br>NOTED FOR DECEMBER 30, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits ("DIB"). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for DIB alleging she became disabled beginning January 7, 2013. Dkt. 7, Administrative Record ("AR") 20. Her application was denied on initial administrative review

1 and on reconsideration. AR 20. At a hearing held before an Administrative Law Judge ("ALJ"),

2 plaintiff appeared and testified, as did a vocational expert. AR 20. In a written decision, the ALJ

3 determined that plaintiff could perform past relevant work, and therefore that she was not

4 disabled. AR 20-34. Plaintiff's request for review of the ALJ's decision was denied by the

5 Appeals Council, making that decision the final decision of the Commissioner of Social Security

6 (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981.

7 On May 12, 2016, plaintiff filed a complaint in this Court seeking judicial review of the

8 Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on

9 August 22, 2016. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is

10 now ripe for the Court's review.

11 Plaintiff argues the ALJ's decision should be reversed and remanded for further

12 administrative proceedings because the ALJ erred in (1) evaluating the medical opinion

13 evidence; (2) discounting plaintiff's statements and testimony; and (3) evaluating the lay witness

14 evidence. Dkt. 9, p. 1. For the reasons set forth below, the undersigned agrees the ALJ erred in

15 evaluating the medical opinion of Dr. Dennis Mann, erred in evaluating plaintiff's credibility,

16 and erred in evaluating the lay witness evidence. Also for the reasons set forth below, however,

17 the undersigned recommends that while defendant's decision to deny benefits should be reversed

18 on this basis, this matter should be remanded for further administrative proceedings.

19 <u>DISCUSSION</u>

20 The Commissioner's determination that a claimant is not disabled must be upheld if the

21 "proper legal standards" have been applied, and the "substantial evidence in the record as a

22 whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

23 *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

24 *Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193. The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193.

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I. The ALJ's Evaluation of the Medical Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick*, 157 F.3d at 722. Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan*, 169 F.3d at 601. Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830. Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence

1  in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

2  Plaintiff maintains the ALJ erred in evaluating the medical opinion of Dennis S. Mann, D.O. *See* Dkt. 9, pp. 5-8. Dr. Mann began treating plaintiff in June 2010. AR 423. He opined in several treatment notes that plaintiff was incapable of returning to her job of injury and that she "remains incapable for any type of gainful employment for which she has any transferable job skills." *See* AR 388-89; *see also* AR 412, 418-19, 422-23, 497, 588-89. On August 2, 2012, Dr. Mann completed a medical questionnaire and opined that plaintiff has permanent limitations, limiting her ability to sit for only two hours in a workday, stand for one hour in a workday, and walk for one half of an hour in a workday. AR 422. Dr. Mann also opined that plaintiff could only lift 1-10 pounds occasionally, carry 1-20 pounds occasionally, and push/pull 1-10 pounds occasionally. AR 422. Dr. Mann opined that plaintiff's treatment was not complicated by emotional and behavioral disorders, exaggerations or other inconsistent findings, malingering, or dependence on drugs/medication. AR 423. On January 27, 2014, Dr. Mann again opined that plaintiff suffers from functional limitations. AR 709-14. He noted that he based his opinion, in part, on MRI results. *See id.*

The ALJ gave "little weight" to Dr. Mann's medical opinions, noting that the opinions were "inconsistent with clinical observations in the medical record" and objective medical imaging. AR 29. The ALJ also noted that Dr. Mann's medical opinions were inconsistent with L&I examinations in the record. AR 29.

First, the ALJ rejected Dr. Mann's medical opinions as inconsistent with other clinical observations in the record, including the opinions of other doctors as well as L&I examinations. AR 29. Even if there are differences in one doctor's observations and clinical findings, the ALJ failed to explain why another doctor's observations are more credible than Dr. Mann's observations and findings over the course of treating plaintiff for at least three years. *See* AR 29.

1 Without an explanation as to why Dr. Mann's own observations are not credible, the Court

2 cannot determine if the ALJ's reasoning is specific and legitimate and supported by substantial

3 evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he

4 rejects a medical opinion or assigns it little weight when asserting without explanation another

5 medical opinion is more persuasive).

6       Moreover, although the ALJ generally cites to inconsistent clinical observations in the

7 medical record "such as the claimant generally having intact sensation and 5/5 strength, walking

8 with a normal gait, being in no acute distress, and sitting in no distress", the ALJ did not provide

9 specific citations to the record nor did the ALJ explain why each of Dr. Mann's opined

10 limitations are undermined by the allegedly inconsistent clinical observations in the record. *See*

11 AR 29. The ALJ's statement lacks the specificity required by the Court. As noted by the Ninth

12 Circuit:

13       To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings

14       does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his

15       conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis does not give

16       proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their

17       medical evaluations.

18 *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted). Here, the

19 ALJ'S generally conclusory statement finding Dr. Mann's opinions inconsistent with other

20 medical evidence and medical opinions is insufficient to reject his opinion. *See id.*; *McAllister v.*

21 *Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the

22 ground that it was contrary to clinical findings in the record was "broad and vague, failing to

23 specify why the ALJ felt the treating physician's opinion was flawed").

24       Defendant argues that the ALJ was permitted to rely upon the medical opinions of Drs.

1 Alnoor Virji, Norman Staley, and Steven Taylor to reject Dr. Mann's medical opinion. Dkt. 10,
2 p. 5. Defendant further argues that Dr. Taylor's opinion alone constitutes substantial evidence to
3 rebut Dr. Mann's opinion because he was an examining physician. *Id.* However, even if Dr.
4 Taylor's and Dr. Mann's medical opinions conflict, Dr. Mann was a treating physician who
5 treated plaintiff for over three years. AR 423, 716. And, "[w]hen there is a conflict between the
6 opinions of a treating physician and an examining physician … the ALJ may disregard the
7 opinion of the treating physician only if he sets forth 'specific and legitimate reasons supported
8 by substantial evidence in the record for doing so.'" *Tonapetyan*, 242 F.3d at 1148 (9th Cir.
9 2001) (citing and quoting *Lester*, 81 F.3d at 830). As noted above, the ALJ failed to support her
10 decision with the specificity required by the Court.
11     Moreover, Drs. Virji and Staley were nonexamining State agency physicians who
12 reviewed plaintiff's medical records. AR 29-31. [T]he contrary opinion of a non-examining
13 medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or
14 examining physician's opinion …." *Tonapetyan*, 242 F.3d at 1149 (citation omitted).
15 Accordingly, their opinions alone do not constitute the specific and legitimate reason necessary
16 to reject Dr. Mann's medical opinion.
17     Second, the ALJ rejected Dr. Mann's opinion as apparently inconsistent with "objective
18 medical imaging." AR 29. As an initial matter, the ALJ does not explain *which* medical imaging
19 results are inconsistent with Dr. Mann's medical opinion. Regardless, the ALJ did not explain
20 how her interpretation of the MRI results—rather than Dr. Mann's interpretation—are correct.
21 Dr. Mann specifically noted that MRI results supported at least some of his findings. *See* AR
22 709. "[J]udges, including administrative law judges of the Social Security Administration, must
23 be careful not to succumb to the temptation to play doctor. The medical expertise of the Social
24 Security Administration is reflected in regulations; it is not the birthright of the lawyers who

1  apply them. Common sense can mislead; lay intuitions about medical phenomena are often
2  wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (internal citations omitted)).
3  Thus, the ALJ erred in dismissing Dr. Mann's opinion by determining that the MRI results
4  undermined his opinion, without any explanation as to how her interpretation of the MRI results
5  were correct, rather than Dr. Mann's interpretation. The Court concludes that none of the reasons
6  provided by the ALJ for giving little weight to Dr. Mann's opinion are specific and legitimate
7  and supported by substantial evidence. Therefore, the ALJ erred in her treatment of Dr. Mann's
8  medical opinion.

9  II.  <u>The ALJ's Treatment of Plaintiff's Credibility</u>

10  Questions of credibility are solely within the control of the ALJ. *Sample*, 694 F.2d at 642.
11  The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In
12  addition, the Court may not reverse a credibility determination where that determination is based
13  on contradictory or ambiguous evidence. *Id.* at 579. That some of the reasons for discrediting a
14  claimant's testimony should properly be discounted does not render the ALJ's determination
15  invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d
16  at 1148.

17  To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent
18  reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what
19  testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill*
20  *v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is
21  malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and
22  convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of
23  malingering. *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

24

1    In determining a claimant's credibility, the ALJ may consider "ordinary techniques of

2 credibility evaluation," such as reputation for lying, prior inconsistent statements concerning

3 symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273,

4 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of

5 physicians and other third parties regarding the nature, onset, duration, and frequency of

6 symptoms. *Id.*

7    Here, the ALJ determined plaintiff's "statements concerning the intensity, persistence and

8 limiting effects of these symptoms are not entirely credible." AR 26. Plaintiff argues that the

9 ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony regarding

10 her physical[1] symptoms and limitations. *See* Dkt. 9, pp. 2-5. The undersigned agrees.

11    First, the ALJ determined that "[c]linical observations during the relevant period are

12 inconsistent with the extreme degree of pain and debilitation alleged by the claimant,

13 compromising her credibility." AR 26. However, once the claimant produces objective medical

14 evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective

15 complaints based solely on a lack of objective medical evidence to fully corroborate the alleged

16 severity of pain." *Bunnell*, 947 F.2d 345; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)

17 (noting a claimant's subjective testimony cannot be rejected "on the sole ground that it is not

18 fully corroborated by objective medical evidence[.]"). Although the ALJ outlined her assessment

19 of the medical records and why she believed the objective medical evidence does not support

20 plaintiff's subjective complaints of pain, *see* AR 27-28, this reason alone is insufficient to

---

[1] Plaintiff only challenges the ALJ's treatment of her statement and testimony regarding her physical limitations, not her mental limitations. *See* Dkt. 9, pp. 3-5. Accordingly, the Court's analysis is limited to evaluating the ALJ's treatment of plaintiff's testimony and allegations regarding her physical limitations. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that the Ninth Circuit "will not consider any claims that were not actually argued in appellant's opening brief").

REPORT AND RECOMMENDATION- 9

support the ALJ's adverse credibility finding, even assuming the medical evidence does not fully corroborate plaintiff's alleged limitations due to pain.

Moreover, an ALJ may consider "ordinary techniques of credibility evaluation," such as prior inconsistent statements concerning symptoms and other testimony that "appears less than candid." *Smolen*, 80 F.3d at 1284. However, to discount a claimant's testimony, an ALJ "must state *which* [such] testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993) (emphasis added); *see also Lester*, 81 F.3d at 834. Indeed, "providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (emphasis in original). Here, the ALJ did precisely that—summarized the medical evidence, but did not identify *which* testimony was not credible and *why* plaintiff's testimony was not credible based upon the alleged inconsistency. Furthermore, none of the evidence cited by the ALJ undermines the claimant's complaints of pain, lack of sleep, and lack of concentration. *See Greger*, 464 F.3d at 972.

The ALJ also discounted plaintiff's testimony regarding her debilitating limitations and pain by noting that plaintiff worked "for years" part-time while she cared for her disabled brother and mother. *See* AR 27. However, plaintiff worked prior to her alleged onset of disability, not after. *See* AR 62-64. Moreover, plaintiff's brother died in 2011 nearly two years before her alleged onset of disability, and plaintiff stopped caring for her mother in 2013 when plaintiff could no longer assist her. *See id.* Plaintiff's work history and activities prior to the alleged onset date are of limited probative value. *See*, *e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (holding that "[m]edical opinions that predate the alleged onset of disability are of limited relevance."); *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d

1061, 1065 (9th Cir. 1985) ("[W]e caution that the critical date is the date of *onset* of disability, *not* the date of diagnosis.") (emphasis in original). Thus, discounting plaintiff's credibility on this basis is not a clear and convincing reason to discount all of her statements and testimony regarding her limitations. Accordingly, none of the reasons offered by the ALJ to discount plaintiff's credibility are clear and convincing and supported by substantial evidence.

III. The ALJ's Treatment of the Lay Witness Statements

Plaintiff also maintains that the ALJ erred in her treatment of the lay witness statements of Earl Blackstock, Ashlee Fackrell, and Charity Larson. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512.

The ALJ rejected the lay witness opinions of Earl Blackstock, Ashlee Fackrell, and Charity Larson in part because she determined the opinions were inconsistent with the medical evidence, including clinical observations with respect to plaintiff's allegations of debilitating pain. *See* AR 32-33. An ALJ may discredit lay testimony if it conflicts with medical evidence, although it cannot be rejected as unsupported by the medical evidence. *See Lewis*, 236 F.3d at 511 (noting an ALJ may discount lay testimony that "conflicts with medical evidence") (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Nevertheless, as the Court has already determined that the ALJ erred in her treatment of plaintiff's allegations of debilitating pain and physical limitations, and as the ALJ will be required to reassess plaintiff's statement and

testimony as well as the medical opinion of Dr. Mann upon remand, the ALJ shall also reevalute the lay witness statements upon remand.

### IV. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record, plaintiff's credibility, and the lay witness statements, remand for further consideration of these issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

1  well that the Court reverse the decision to deny benefits and remand this matter for further

2  administrative proceedings in accordance with the findings contained herein.

3         Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

4  72(b), the parties shall have **fourteen (14) days** from service of this Report and

5  Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file

6  objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

7  474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

8  is directed set this matter for consideration on **December 30, 2016**, as noted in the caption.

9         DATED this 14th day of December, 2016.

Karen L. Strombom
United States Magistrate Judge