UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBIN J. BLACKSTOCK,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

CASE NO. C16-0678JLR

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

## I. INTRODUCTION

This matter comes before the court on Plaintiff Robin J. Blackstock's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Mot. (Dkt. # 15).) Defendant Commissioner Nancy A. Berryhill ("the Commissioner") challenges Ms. Blackstock's request for statutory attorney's fees on the grounds that the Commissioner's position in this matter was substantially justified and had a reasonable basis in fact and law. (Resp. (Dkt. # 17).) Having considered the parties' briefing, the relevant portions of the record, and the applicable law, the court GRANTS Ms. Blackstock's motion for attorney's fees.

//

ORDER - 1

## II. BACKGROUND & ANALYSIS

On January 4, 2017, the court adopted the report and recommendation of United States Magistrate Judge Karen L. Strombom and reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. (1/14/17 Order (Dkt. # 13).) The court found that the ALJ committed harmful errors in evaluating the opinion of treating physician Dennis Mann, D.O., Ms. Blackstock's testimony, and the lay witness testimony. (*See* Report and Recommendation ("R&R") (Dkt. # 12) at 2.) The court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). (*See* 1/14/17 Order.)

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Ms. Blackstock was the prevailing party because the court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. (*See* 1/14/17 Order.) However, the Commissioner argues that she was substantially justified in defending the matter. (*See* Resp. at 1.)

**A. Substantial Justification**

The Commissioner has the burden of proving that her position was substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). A "substantially justified position must have a reasonable basis both in law and fact."

ORDER - 2

*Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (internal citations omitted). When determining the issue of substantial justification, the court reviews only the issues that led to remand. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014). Furthermore, the Commissioner's position includes both her litigation position and "the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Even if the Commissioner's litigation position is justified, an award of EAJA fees is nevertheless appropriate if the Commissioner's underlying action—the ALJ's final decision—was not substantially justified. *See id.* at 872.

Here, the court found that the ALJ's reasons for discounting Dr. Mann's opinion, Ms. Blackstock's testimony, and the lay witness testimony were not specific, legitimate, and supported by substantial evidence. (*See* R&R at 5-12.) The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). However, a determination by the court that the administrative decision was not supported by substantial evidence is a "strong indication" that the Commissioner's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

The Commissioner defends the ALJ's reasons for discounting Dr. Mann's opinion by reiterating the unsuccessful arguments that she made in briefing the merits. (*See* Resp. at 3-4.) The Commissioner states that contrary opinions from examining and non-examining physicians constitute specific and legitimate reasons to discount a treating

ORDER - 3

physician's opinion. (*See id.* at 3.) However, the case cited by the Commissioner in fact holds that a contrary opinion produces the need for a specific, legitimate reason to discount a treating physician's opinion. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The contrary opinion "does not alone constitute a specific, legitimate reason." *Id.* The court cited this reasoning in finding that the ALJ erred in discounting Dr. Mann's opinion. (*See* R&R at 6-7.) The court finds no reason to now conclude that the ALJ's decision was substantially justified.

The Commissioner also argues that her position regarding other errors committed by the ALJ was substantially justified. (*See* Resp. at 4-5.) However, the court need not address those arguments because the Commissioner has not met her burden of proving substantial justification regarding the ALJ's error in evaluating Dr. Mann's opinion. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items.").

The court also concludes that there are no special circumstances that render an EAJA award unjust. Accordingly, the court awards Ms. Blackstock attorney's fees under the EAJA.

**B. Amount of Fees**

Ms. Blackstock requests $4,566.52 in attorney's fees and $433.19 in costs. (*See* Mot. at 1.) The Commissioner does not object to the amount of fees that Ms. Blackstock

ORDER - 4

requests. (*See* Resp.) Nevertheless, the court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). Given the facts and circumstances of the matter herein, and based on the briefing, declarations, and attorney time sheet, the court concludes that the amount of time incurred by Ms. Blackstock's attorney in this matter is reasonable.

### III. CONCLUSION

Pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010), the court AWARDS Ms. Blackstock $5,183.09 in attorney's fees[1] and $433.19 in costs.

Ms. Blackstock's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. The check for EAJA fees shall be mailed to Ms. Blackstock's counsel at the Law Office of Francisco Rodriguez; P.O. Box 31844; Seattle, WA 98103.

Dated this 2nd day of May, 2017.

JAMES L. ROBART
United States District Judge

---

[1] The final amount of attorney's fees reflects 3.2 additional hours expended litigating the issue of fees. *See Jean*, 496 U.S. at 163-66.

ORDER - 5